JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BELTRAN AND LISA REINGOLD, individually and on behalf of all others similarly situated,<br>　　　Plaintiffs,<br><br>　　　　　　v.<br><br>CEDARS-SINAI HEALTH SYSTEM, et al.,<br>　　　Defendants. | CV 23-02626 DSF (JPRx)<br><br>Order GRANTING Motion to Remand (Dkt. 12) |

　　　Plaintiffs Steven Beltran and Lisa Reingold move to remand this action to the Superior Court of California, County of Los Angeles.  Dkt. 12 (Mot.).  Defendants Cedars-Sinai Health System and Cedars-Sinai Medical Center (collectively Cedars-Sinai) oppose.  On April 26, 2023, the Court issued an order approving the parties' Stipulation Regarding Briefing and Hearing on Plaintiffs' Motion to Remand.  See Dkt. 17 (Order).  The parties stipulated to adopting briefings from Browne v. Cedars-Sinai Health System, et al., Case No. 2:23-cv-01551 and giving them effect "in this action for purposes of the briefing on, and the Court's adjudication of, Plaintiffs' Motion to Remand[.]"  Id. at 2.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.

# I. BACKGROUND

On February 23, 2023, Plaintiffs filed a class action lawsuit on behalf of themselves and all others similarly situated "for damages arising from Defendants' implementation of software code, embedded in websites and apps maintained and controlled by Defendants, which was created for the purpose of capturing, storing, and sharing the personal data of Plaintiffs and similarly situated consumers." See Dkt. 1-1, Ex. A at 3 (Compl.) ¶ 1.  Plaintiffs allege that Cedars-Sinai "knowingly implemented and configured tracking code, such as the Facebook Pixel, to disclose the identities and communications of its patients to Facebook and third parties." Id. ¶ 10.  They allege that Cedars-Sinai implemented the tracking code "with the knowledge and intent to specifically identify their patients to Facebook and third parties alongside their protected health information and geographic location, in direct and patent violation and disregard of the rights of Plaintiffs and Class Members." Id.

Plaintiffs assert the following causes of action: (1) negligence; (2) negligence per se; (3) breach of implied contract; (4) breach of implied covenant of good faith and fair dealing; (5) breach of fiduciary duty; (6) breach of duty; (7) violation of California's Invasion of Privacy Act, Cal. Penal Code §§ 630, et seq.; (8) violation of California's Confidentiality of Medical Information Act, Cal. Civ. Code § 56.10; (9) invasion of privacy in violation of the California Constitution; and (10) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. Id. ¶¶ 64-145.  On April 7, 2023, Cedars-Sinai removed the case pursuant to 28 U.S.C. § 1442(a)(1), the federal officer removal statute.

# II. LEGAL STANDARD

A defendant may remove a state court action brought against the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . ." 28 U.S.C. § 1442(a)(1); Watson v. Philip Morris Cos., Inc., 551 U.S. 142, 145 (2007).  Federal officer removal is available under 28

U.S.C. § 1442(a) if "(a) [the removing party] is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" <u>Fidelitad, Inc. v. Insitu, Inc.</u>, 904 F.3d 1095, 1099 (9th Cir. 2018).

### III. DISCUSSION[1]

Cedars-Sinai asserts that "[o]ver the past two decades, the federal government has engaged in an extensive effort to build a nationwide health information technology infrastructure," and this case challenges the legitimacy of actions Cedars-Sinai "has taken in connection with pursuing that directive." Dkt. 1 at 1. Cedars-Sinai contends that it has dutifully assisted and followed the federal government's direction as part of a public-private initiative to develop a nationwide infrastructure for health information technology, and in doing so, "has acted within the penumbra of federal action and office." <u>Id.</u> at 4. It argues that it qualifies as a "person" under the statute and has acted under a federal officer. <u>Id.</u> at 10-13.

Cedars-Sinai explains that the Office of the National Health Coordinator for Health Information Technology (ONC) published guidance for private providers to follow, including a five-year strategic plan that dictated that federal agencies were to collaborate with private stakeholders to build a culture of electronic health information access and use. <u>Id.</u> at 9. The Department of Health and Human Services also adopted the Meaningful Use regulations. <u>Id.</u> at 7. A central component of the Meaningful Use regulations was the ability for patients to access their health care records online, and the regulations "required health care providers to attest to the National Coordinator and to the Centers for Medicare and Medicaid Services on their progress with respect to this criteria in particular." <u>Id.</u> at 7-8. Cedars-Sinai contends that since establishing a patient portal, it "has continually met the Meaningful

---

[1] The Court GRANTS Cedars-Sinai's unopposed request for judicial notice. <u>See</u> Request for Judicial Notice, <u>Browne v. Cedars-Sinai Health System, et al.</u>, No. 2:23-cv-01551 (C.D. Cal. Apr. 10, 2023), Dkt. 18.

Use criteria, and has thus received incentive payments from the federal government." Id. at 10.

Cedars-Sinai asserts that it is acting under a federal officer because the federal government incentivizes, regulates, monitors, and supervises its actions as part of the Meaningful Use program "in order to meet the federal government's national priority of interoperable health information technology," and Cedars-Sinai is helping the government produce the "nationwide, interoperable information technology infrastructure for health information." Id. at 11-12. Cedars-Sinai also contends that in the absence of its actions, the government "would be left alone to complete its mission," that the government has specified how to best enhance patient engagement, including through a patient portal, and that the government has created an office dedicated to this issue and has closely monitored the work of private entities like Cedars-Sinai. Id. at 12.

Plaintiffs argue that the case should be remanded because Cedars-Sinai has not met its burden of establishing that its actions were taken pursuant to a federal officer's directions. Notice of Motion and Motion to Remand at 1, Browne v. Cedars-Sinai Health System, et al., No. 2:23-cv-01551 (C.D. Cal. Mar. 27, 2023), Dkt. 14. They argue that Cedars-Sinai is not acting on behalf of a federal officer in a manner akin to an agency relationship because "merely 'performing some functions that a government agency controls is not enough to transform a private entity into a federal officer.'" Id. at 6 (citing Romeo v. Canoga Healthcare, Inc., No. CV 21-02918-AB (RAOx), 2021 WL 3418730, at *2 (C.D. Cal. Aug. 5, 2021)). They contend that nothing in Cedars-Sinai's notice of removal indicates it was authorized to act for or in place of the federal government while creating their patient portal. Id. at 7. They assert that language in Cedars-Sinai's notice of removal demonstrates that the Meaningful Use program was optional, not mandated, as required to "transform a public entity into a federal officer," and that there is nothing to suggest that Cedars-Sinai was ordered by the government to implement the Facebook Pixel on the portal at issue and transmit highly sensitive patient information to Facebook without patients' knowledge or consent. Id. at 7-8.

Cedars-Sinai asserts in opposition that it assisted the federal government in carrying out a federal directive by increasing web traffic to its website, which contains a link to a patient portal. Defendants' Opposition to Plaintiff's Motion to Remand at 6, <u>Browne v. Cedars-Sinai Health System, et al.</u>, No. 2:23-cv-01551 (C.D. Cal. Apr. 10, 2023), Dkt. 17. It asserts that its "alleged efforts were in furtherance of implementing the federal government's goal" and are sufficient to effectuate removal to this Court. <u>Id.</u> It specifically contends that "driving website traffic to the patient portal assists the federal government in carrying out its federal mission to create a unified system for patient electronic health records." <u>Id.</u> at 7. Cedars-Sinai also argues that participation in the MUP is sufficient to satisfy the "acting under" requirement, and that its actions go well beyond that of merely complying with federal laws and regulations. <u>Id.</u> at 20. The Court is not persuaded.

The Supreme Court has "interpreted the term 'person acting under that officer' as extending to a 'private person' who has certain types of close relationships with the federal government." <u>Cnty. of San Mateo v. Chevron Corp.</u>, 32 F.4th 733, 756 (9th Cir. 2022) (citing <u>Watson</u>, 551 U.S. at 152-53). "The Supreme Court has identified a number of factors courts should consider in determining whether a private person is acting under a federal officer for purposes of § 1442(a)(1)." <u>Id.</u> The Court considers: (1) "whether the person is acting on behalf of the officer in a manner akin to an agency relationship"; (2) "whether the person is subject to the officer's close direction, such as acting under the subjection, guidance, or control of the officer, or in a relationship which is an unusually close one involving detailed regulation, monitoring, or supervision"; (3) "whether the private person is assisting the federal officer in fulfilling basic governmental tasks that the Government itself would have had to perform if it had not contracted with a private firm"; and (4) "whether the private person's activity is so closely related to the government's implementation of its federal duties that the private person faces a significant risk of state-court 'prejudice, just as a government employee would in similar circumstances, and may have difficulty in raising an immunity defense

in state court." Id. at 756-57 (internal quotation marks and citations omitted).

However, "[a] private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.' And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." Watson, 551 U.S. at 153. Courts "may not interpret § 1442(a) so as to 'expand the scope of the statute considerably, potentially bringing within its scope state-court actions filed against private firms in many highly regulated industries.'" Cnty. of San Mateo, 32 F.4th at 757 (quoting Watson, 551 U.S. at 153). The directions Cedars-Sinai points to are general regulations and public directives regarding the development of health information technology and an electronic health records infrastructure. Therefore, removal is not justified by federal officer jurisdiction.

## IV. CONCLUSION

The motion to remand is GRANTED. The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: May 24, 2023

Dale S. Fischer
United States District Judge

6